In the MATTER of George H. TRIPP.

No. 184S6.

Supreme Court of Indiana.

May 30, 1986.

William T. White, Jr., Indianapolis, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the Respondent, George H. Tripp, have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement emanates from a five count Verified Complaint for Disciplinary Action charging the Respondent with violating Disciplinary Rules 5-101(A), 7-106(A), 7-102(A)(5), 7-101(A)(3), 6-101(A)(2) and (3) and 1-102(A)(4), (5) and (6).

Upon review of all matters submitted in this case and in accordance with the agreement of the parties, we find generally that the Respondent, George Tripp, was admitted to the Bar of the State of Indiana in 1959.

As to Count I, the parties have agreed and we find that during 1978 the Respondent prepared a Will for Stella Knode who, at the time of the Will's execution, was 77 years old and suffering from Parkinson's Disease or a disease similar to it.

Upon Miss Knode's death on December 23, 1983, the Respondent offered the Will for probate and filed an appraisement of all Miss Knode's personal and real property. The total appraised value of the property was $696,300.04. Under the terms of the Will, Respondent and members of his family were major beneficiaries. The Respondent never advised his client of the existence of potential conflict in his exercise of professional judgment on behalf of his client.

In accordance with the agreement of the parties, we find as to Count II that the Respondent represented the plaintiffs in a civil action filed in the United States District Court for the Southern District of Indiana. The case was set for trial for 9:30 A.M. on November 17, 1983. On the date of the trial, Respondent's clients were present with witnesses who had flown in from Detroit. The Respondent appeared and requested a continuance which was granted; the Respondent was intoxicated and unable to present his case.

We find under Count III, that the Respondent was retained by Leonard Allison in September, 1983, to represent Allison before the Social Security Administration. A hearing in the matter was scheduled for 2:00 P.M., February 13, 1984, in Indianapolis. On the morning of February 13, 1984, the Respondent telephoned the Hearing Officer's office requesting a continuance for

the reason that certain medical records had not been made available. The Respondent made that representation despite the fact that he had represented to Allison that all documents had been received. The Respondent placed a second call to inform the Hearing Officer that Respondent's client had no transportation to the hearing, when in fact, the client was present in Respondent's office and had previously arranged to ride to the hearing with the Respondent. The Respondent was intoxicated in his office three hours prior to the scheduled hearing in Indianapolis.

Under Count IV the parties have agreed and we find that the Respondent was scheduled to appear for a hearing at 8:45 A.M., on April 9, 1984, in the Wayne Superior Court No. 2 concerning the Final Account of an Estate. The Respondent called the court a few minutes prior to the hearing and requested a continuance stating that he was ill. The matter was reset for April 11, 1984, at 8:45 A.M. On April 11, 1984, shortly before 8:45 A.M., Judge Robert L. Reinke was informed that Respondent's secretary had called the court and stated that Respondent was ill again and could not appear.

Upon being advised that Respondent's car was parked in front of Respondent's law office, Judge Robert L. Reinke went to Respondent's law office and found Respondent in conference with a client. Judge Reinke directed that Respondent immediately appear in court where the scheduled hearing was heard. At the conclusion of the hearing, and after questioning by Judge Reinke, Respondent admitted that he had been drinking and this drinking was the reason for his inability to proceed. The Respondent voluntarily submitted to a Breathalyzer Test administered by the Richmond Police Department; the test registered a blood alcohol content of 0.175 percent.

In regard to Count V, we find, as the parties have agreed, that the Respondent was scheduled to represent the custodial parent in a juvenile dispositional hearing in Wayne Superior Court No. 1, on June 25, 1984, at 11:00 A.M. When the Respondent failed to appear as scheduled, the Honorable J. Brandon Griffis, Judge of Wayne Superior Court No. 1, instructed his bailiff to telephone Respondent's law office. Judge Griffis was informed that Respondent was en route to the courthouse. At approximately 11:15 A.M. on the same date, Judge Griffis located the Respondent on the first floor of the courthouse. Respondent had been drinking intoxicating liquor and admitted to Judge Griffis that he had been drinking. Judge Griffis advised the Respondent that he would not be permitted to enter the courtroom in his condition and, after disclosure of the circumstance and consent of Respondent's client, completed the hearing as scheduled.

By way of mitigation, the parties have agreed, and we so find, that the latter four incidents are the direct result of Respondent's alcoholism for which the Respondent has sought treatment.

From the above findings of fact, we conclude that the Respondent engaged in the charged misconduct under every count. He failed to fully disclose to his client the possible conflict of interests by his preparing a Will in which he and members of his family were major beneficiaries; he engaged in undignified and discourteous conduct degrading to a tribunal by appearing in an intoxicated condition; he made false statements of fact, appeared without preparation, neglected legal matters entrusted to him, and prejudiced and damaged his clients during the course of the professional relationship. Such conduct adversely reflects on his fitness to practice law and is prejudicial to the administration of justice.

In light of the foregoing considerations and the findings of fact, including the agreed to mitigating matters, this Court now concludes that the agreed discipline, suspension from the practice of law for a period of one year effective from the date of this Court's Order of Suspension Pending Final Determination, is appropriate. IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Statement of Circumstances and Conditional

Agreement for Discipline entered into by the parties is hereby approved and, accordingly, the Respondent, George H. Tripp, is suspended from the practice of law in this state for a period of one year effective as of March 1, 1985.

Costs of this proceeding are assessed against the Respondent.